Thank you. Good morning, Your Honors. My name is Harry Cash, and I'm here for the appellant, which is the law firm of which I'm a member, Grant Konvalinka Harrison. I've asked for five minutes in rebuttal time. You may. What I want to focus on this morning are the Bankruptcy Court and District Courts' findings which allow the Chapter 7 trustee in the Steve A. McKenzie bankruptcy case to circumvent the two-year statute of limitations that's found in the bankruptcy code, during which time the trustee can file avoidance actions, preferential transfers, fraudulent transfers, those kinds of things. In order to do so, I'd like to take just a minute and point out some dates that I think are significant on the front end. In October of 2008, Steve McKenzie, who ended up being the debtor in this bankruptcy case, signed a promissory note to our law firm, Grant Konvalinka Harrison. During October of 2008, he also signed a membership and or pledge agreement, and then a couple weeks later signed an amendment to the membership agreement and or pledge agreement. The trustee in this case had possession of those documents which established our security interest on March 17, 2009. They were turned over among a bunch of documents, and there is an email on March 17, 2009 from the trustee's accountant which shows that they had possession of those documents on that day. Almost two years later, on March 7, 2011, the appellant, Grant Konvalinka Harrison, filed its motion for relief in which it sought relief from the automatic stay to allow it to pursue the collateral which was listed in the membership and or pledge agreements and the amendment to that. Now, as I mentioned earlier, the bankruptcy code provides in Section 546A1 for a two-year statute of limitations. That two years is to run beginning with the date an order for relief is entered. That date in the Steve A. McKenzie bankruptcy case was January 21, 2009. So the debtor in possession and or the trustee would have had until January 21, 2011 to either file an objection to Grant Konvalinka Harrison's claim alleging that the security interest was invalid or to file suit under the trustee's strong arm powers to set aside the transfer which occurred in October of 2008. The bankruptcy court and the district court allow the trustee to not have to comply with the two-year statute of limitations under two theories. Well, when you say they said that he didn't have to follow this statute, the trustee did not file an avoidance action, did he? He defended. Well, actually, ultimately he did. But for purposes of this argument, he defended or he opposed our motion for relief after the two years had expired. And I guess to follow up on that, my question is 502D requires, this is a quote, if I've got it right, requires disallowance of a claim of a transferee, of avoidable transfer, blah, blah, blah. That sounds like an affirmative statement of law that, for example, the court could have done on its own motion. So if 502D is a statement of law, it doesn't say anything about how you would raise that issue. You could raise it in argument. You could raise it by a motion. It's just a separate rule as opposed to the affirmative bringing suit. So how do you import the statute of limitations of 546 into what looks like a freestanding rule of 502? That's my question. There is a conflict among the courts as to whether 502D can be used after the expiration of the statute of limitations. The bankruptcy court and the district court in this case follow the line of cases which say that if the trustee could have brought a lawsuit and failed to do so, he can still use 502D in a defensive manner. We believe that the better view is found in cases such as NRA Marketing Associates, where the court said if the statute of limitations has expired, the trustee cannot use Section 502 defensively. The Marketing Associates case, which I mentioned, is the bankruptcy court out of the Eastern District of Missouri. And they say that it is implicit that no preference is avoidable if the action is not brought within the time limits prescribed by Section 546A1. So the theory is if they haven't brought the preference action, then the preference cannot be recoverable. The Marketing Associates court went on to say that to circumvent the two-year time limit for the purpose of disallowing the creditor's claim amounts to a procedural windfall. And finally, allowing Section 502 to be used defensively, in our view, essentially makes Section 546A1, the statute of limitations provision, meaningless in these types of situations. And finally, most of the time you see 502D used, it's done in connection with an objection to a claim, not to a defense or opposition to a motion for relief. But 502D is one of the two ways that the court allowed the trustee to circumvent the statute of limitations. The other way the court did it was applying the doctrine of equitable tolling. That doctrine should only be applied under extraordinary circumstances or when a defendant actively or passively conceals assets or conceals, in this case, the existence of its security interest. This court has pointed out in the Chavez v. Carranza case a number of factors that are to be considered when the district court considers applying equitable tolling. Those factors include lack of notice of the filing requirement, lack of constructive knowledge of the filing requirement, diligence in pursuing one's rights, absence of prejudice to the defendant, and the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. Now, in this case, as I've previously pointed out, the trustee had possession of the security documents which established Grant Convalinck and Harrison's security interest well two years before the motion for relief was filed. The trustee has the burden to establish that he exercised due diligence to discover those assets. The trustee, in this case, and his lawyers are experienced practitioners. They don't even make the argument that they had a lack of notice of the two-year statute of limitations, that they didn't know they had to file it at that time. They simply say that somehow or another, Grant Convalinck and Harrison lulled them into inaction, I think is the way they phrased it. The trustee's burden, as I've said, is to show that he exercised due diligence without establishing due diligence, equitable tolling should not be applied. In this case, the bankruptcy court even found that Mr. Leroy, who was the trustee's initial counsel prior to Mr. Farrinash, Mr. Leroy failed to appreciate and act upon the London email. The London email is the email where the security documents establishing Grant Convalinck and Harrison's security interest were shown to be in the trustee's possession. Isn't that quote, though, just before the judge goes on to say that the debtor, the debtor's professionals, and GKH reinforce that mistaken belief? She does say that. She says some other unkind things about GKH within the next paragraph or two, does she not? She does, but what she ignores is the trustee's responsibility to exercise due diligence. He did not, he didn't show any evidence of due diligence. He didn't talk to the- Okay, counsel, I think your time's expired. I may have one question to my colleagues. Have any questions? When I talked to you a minute ago about 502D, I wasn't sure you addressed it directly. I'm looking at the actual statutory language. You had used a term like available under his strong arm powers, and I want to ask you, are those the sections that are cited in 502D? It says the court shall disallow any claim of any entity from which property is recoverable under 542, 543, 550, or 553. Basically, yes, Your Honor. Section 544 of the bankruptcy court gives the trustee certain powers, referred to as the strong arm powers. The trustee stands in the place of a hypothetical lien creditor. Nonetheless, am I not right that the section 502D is not couched in bringing a suit term? It says we shall disallow any claim which is recoverable under those sections, which would seem to be the nature of the claim is one that is recoverable. That is correct. That's what the statute says. And the case law interpreting that statute in this matter- Okay, then we have the case law both ways. Okay, very good, counsel. You'll have your five minutes for rebuttal. Thank you. May it please the court, I'm Jerry Fairnash. I represent Kenneth Steele in this case and many, many other cases involving the Grant, Connell, Lincoln, Harrison law firm, some of which have been to this court and some which are on the way, and others that are pending in the court but have not yet been heard. Under 502D, the trustee can use his strong arm powers as a defense against a claim. There's nothing in Section 546, which is the statute of limitations section, that mentions 502D. And in order to understand what the Grant, Connell, Lincoln law firm did, there's a few facts I'd like to point out to the court. In April of 2009, Mr. Cash filed a claim for the Grant, Connell, Lincoln, and Harrison law firm and put on the face of the claim that the collateral for the claim was real estate. Between April of 2009 and February of 2011, there were a number of hearings, there were a number of things that occurred in the bankruptcy court that had to do with the other alleged collateral of Grant, Connell, Lincoln, and Harrison, in which Grant, Connell, Lincoln, and Harrison participated either as a party or representing a party or as both. And over all of those instances, which Judge Rucker details in her opinion and which we reiterated in our brief between pages 28 and 31, Grant, Connell, Lincoln, and Harrison never once mentioned or said anything that it was claiming an interest in this other collateral. It wasn't until after the statute of limitations expired and a very brief time after the statute of limitations had expired that the Grant, Connell, Lincoln law firm amended their claim to assert a security interest in a number of items that were not real estate and attached the documents that would show their security interest. And what was the date of that amendment? I don't know the exact date, Your Honor, but it's in February of 2011, I believe. Okay. There was something. I have a date. Something happened on February 7th, although my note says that's a McKenzie objection to something. Was that objection subsequent to an action by GKH? I'm not sure to what the court is referring. There has been an objection to the Grant, Connell, Lincoln, and Harrison claim, but it came later. It came when we filed. Subsequently, we filed a suit under the trustee's strong-arm statute alleging that we could, outside the statute of limitations, based upon equitable tolling, and we objected to their claim, their new claim at that time. Their first claim that alleged only real estate. There was never an objection to that claim. And then shortly after the amendment of the claim, Grant, Connell, Lincoln filed this motion for relief from stay, sued the trustee, his lawyers at the time, and I was then hired to represent the trustee and object to the motion for relief from stay. Okay. I think I found what my question was related to. McKenzie filed an objection to the proof of claim on February 7th because GKH had failed to attach certain documents. That was to the first claim, Your Honor. Then they filed the amended proof of claim shortly thereafter. Two or three days later. But both of those actions happened just after the two years had expired. So I guess I understood your theory as kind of they're waiting in the weeds and come forward after the two years, but it looked like they came forward because McKenzie says you've got no documents, and then they bring forth the documents for the $750,000. Are they misunderstanding something, or are they in cahoots? Well, I don't know the answer to that, Your Honor. What I can say is that I believe the objection to the original claim was that there were no documents attached. The claim was a single page, basically, that said real estate. Real estate, but what I'm saying is that it's the documents that they then attach that raise this note. Am I right? You are correct, Your Honor. But that was not the basis of the objection that the debtor filed. The debtor just said you claim real estate. I'm just trying to get the sequence of this two years because, as I say, you pretty much said they've been waiting in the weeds, but they don't bring forth the $750,000 document spontaneously. They bring it forth in response to McKenzie's objection. That's what I'm trying to wrap my head around. I think that's accurate. And to say that, I think it would be a little strong to say that it is our position that they were waiting, that they conspired or actively conspired or were snickering behind the curtain that, oh, all we've got to do is wait a few more months and then the statute of limitations will expire. I think that their actions, as the judge says, she details it very specifically, their actions were that there was concealment, whether or not it was nefarious. I don't know that she says it was nefarious. I don't know that it has to be nefarious. There was a concealment of the remainder of their claim for a period of two years, and certainly the inference would be that they filed their amended claim when the debtor filed his objection to their claim. Under 502D, could the judge have spontaneously disallowed the claim because the conditions weren't met, even if the trustee hadn't objected? I think the bankruptcy court judge could do that. Practically speaking, I don't think that would ever happen. But, yes, you know, the court, practically speaking, the court does not review claims until someone says something about the claim or there's an action on the claim. But, yes, I do think the court could on its own, had it reviewed the claim, have said, I'm going to disallow this claim based upon 502D. And the issues about what we call the defensive use of 502D, there are two views of that. I think that the view that Judge Rucker took is the majority view. And to say that the better view is to not allow that is to allow someone who, for two years, doesn't assert any interest in this collateral, doesn't say anything about wanting to take possession of or liquidate its collateral. When some of that collateral is liquidated by the trustee, there's no issue raised about where the proceeds should go and whether or not that creditor should be allowed any of those proceeds. It just seems as though that the majority view that 502D can be used defensively is the better view, as Judge Rucker had found. I have quite a bit of time left. That's all I had intended to offer. If the court has any questions, I'm happy to answer them. Otherwise, I don't need to say anything further. Anything else, colleagues? Thank you. Thank you. Mr. Cash, you have five minutes for rebuttal. I will not need five minutes, but thank you. Justice Boggs, I think you've hit on one of the disputes we have. The timing of the amended claim had nothing to do with the two-year statute limitations. It was filed two days after the debtor filed an objection to the proof of claim. The debtor's objection was, number one, that there were no documents attached, and, number two, the debtor initially denied having signed the note. That's not relevant today, but the point is, on February 11th, he objected. Am I right? This is all, like, two years plus after the bankruptcy has been filed. Is there any reason that he didn't get around to it and McKenzie didn't object until this time? I can't speak for he or his counsel as to why they didn't. Mr. Fairnash mentioned concealment, that there were all these hearings where Grant Convalinca was present and failed to disclose anything. Well, Grant Convalinca and Harrison wasn't asked anything. It's not a situation where somebody in our office failed to answer the question improperly. You'll see in the transcript there was a hearing where Mr. Convalinca from our office and Mr. Anderson from our office were asked if they had any ownership interest in any of the McKenzie entities, and they properly, correctly answered no, they did not. The trustee, as I've said more than once, is required to exercise due diligence. He certainly should have been on inquiry notice about our security interest since he had the documents. And finally, just one more point on 502D, Mr. Fairnash said that not allowing 502D to use defensively allows a creditor, in this case, to delay not doing anything for two years and benefit from that. The flip side of that, of course, is 546A is a statute of limitations in which the trustee is required to take action. If 502D is used defensively, then the trustee can not do his job, not file a complaint within the two years, and still benefit from it. You rely on that market associates case, the bankruptcy from the Eastern District of Missouri in 91, right? Yes, sir. Would you concede the majority view is against you? I believe that's correct. Yes, all of the cases cite that as the majority. I'm not sure I can tell you that I've tried to find every case, but I do believe, yes, the majority is. Judge Rucker followed what I believe the majority opinion to be, yes, sir. Okay. Thank you, counsel. Case will be submitted. Clerk will call the next case.